

December 12, 2025

**BY ECF**

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      RE:    United States v. Earnest et al.
                  Criminal Docket No. 25-323 (LDH)

Dear Judge DeArcy Hall:

      Defendant Terry Rozier respectfully submits this letter regarding the Court's Order setting a briefing schedule for Mr. Rozier's forthcoming motion to dismiss. (Order Dated Dec. 11, 2025 re: Dkt. No. 73.) In the Order, the Court requested that, "[a]s a courtesy to the Court, unless objected to by the parties, Defendant Rozier shall file the motion and the parties' related memoranda of law once the motion is fully briefed." While the U.S. Attorney's Office does not object to this procedure, Mr. Rozier respectfully requests that he be permitted to file his motion publicly on the December 12, 2025 service deadline.

      Precluding public filing until the close of briefing has the practical effect of sealing the motion for roughly two months. There is no traditional basis for sealing (whether in terms of privacy interests, disclosure of anticipated witness testimony, or characterizations of witness credibility). On the other hand, there is significant public interest in this case. Indeed, the government ensured that this was a highly publicized matter by holding a widely covered press conference hours before Mr. Rozier's initial appearance in the Middle District of Florida. Under these circumstances, Mr. Rozier does not believe that he should be prevented from publicly filing a legal motion that questions the entire premise of the prosecution. Further, public scrutiny could lead to its reasoning being adopted or challenged by attorneys, or even other courts, all of which serves a valid purpose of "vetting" and arming the parties (and possibly even the Court) with additional information than would be available if filing were delayed until February.

      In making this request, Mr. Rozier does not seek to impose a burden on the Court. Because Mr. Rozier's motion does not rely upon affidavits, exhibits, or other attachments that might clutter the docket, we hope that any inconvenience to the Court is minimal.





Moreover, once briefing closes, Mr. Rozier would be happy to provide the Court with a copy of the complete set of motion papers in whichever format is most convenient for the Court.

Mr. Rozier thanks the Court for adopting the Parties' proposed schedule on his motion to dismiss, and for its consideration of this request.

Respectfully submitted,

James M. Trusty