Proposed <u>Curcio</u> Examination
<u>United States v. Eric Earnest, et al.</u>, 25-CR-323 (LDH)

1. Are you satisfied with the services of your attorney thus far in the case?

2. Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him or her is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his or her client's interests?

3. Have you received any inducements, promises, or threats with regard to your choice of counsel in this case?

4. Are you paying your attorney's fees or is someone else paying for them to represent you?
    a. Who specifically is paying them?
    b. How long has that been the case?

5. Do you have an understanding whether, in the future, Terry Rozier will continue to pay, indemnify, or reimburse your legal fees in this case? What is your understanding?

6. Are there any explicit or implicit conditions on Terry Rozier's agreement to pay your legal fees?
    a. Are there any actions your lawyers may or may not take in order for Rozier to pay and continue paying your legal fees? If so, what are they?
    b. Are there any action you may or may not take in order for Rozier to pay or continue paying your legal fees? If so, what are they?

7. You have the right to consult with an independent attorney who can advise you about the possible conflicts of interest that might arise if you continue to have your attorney paid by Terry Rozier. Do you understand that?

8. Without disclosing what was said, have you consulted with an independent attorney about the risks associated with Terry Rozier paying your attorney in this case? Do you need more time to consult with that independent attorney?

9. Do you understand that in some circumstances your attorney might have an incentive to put the interests of Terry Rozier before yours?

10. Because your attorney is being paid by Terry Rozier, he may be influenced by Rozier in connection with his representation of you, that is, he may be influenced to advise you to do things that are in Rozier's best interests and not in your best interests. Do you understand that?

11. For instance, if Terry Rozier is involved in the alleged crime, Rozier may have a vested interest in having your lawyer advise you to accept sole responsibility for

1

Proposed <u>Curcio</u> Examination
<u>United States v. Eric Earnest, et al.</u>, 25-CR-323 (LDH)

          the unlawful scheme or to minimize Rozier's involvement with or knowledge of the scheme. Do you understand that?

12. Your lawyer may also have an interest in advising you not to seek to cooperate with the Government, even if that might be in your interest, where your cooperation might directly or indirectly implicate Terry Rozier, who is paying your legal fees. Do you understand that?

13. Let me give you some more examples of the ways in which your attorney's ability to represent you might be affected by the fact that he has been or will be paid by Terry Rozier. This could affect the way that your lawyer considers and advises you:
    a. Whether, or when, you should plead guilty;
    b. What defenses you should raise;
    c. Whether you should testify at trial;
    d. Which witnesses should be called, and what other evidence to offer on your behalf;
    e. Which witnesses should be cross examined, and what questions they should be asked;
    f. What arguments to make on your behalf to the jury; and
    g. What arguments to make to the Court, and what facts to bring to the Court's attention, before trial, during trial, or, if you are convicted, at your sentencing.

14. Having discussed all that, tell me in your own words what your understanding is of the potential conflict of interest arising in this situation.

15. Do you understand that you have the right to object to your attorney's continued representation of you based upon the existence of a potential conflict of interest?

16. It is important that you understand that no one can predict with any certainty the course that this case will take or how this conflict may affect it. Do you understand that?

17. Based on all that, tell me in your own words what is your understanding of the right to "effective assistance of counsel"?

18. You are not under any pressure to make a decision about this right now. You are entitled, if you wish, to a reasonable period of time to think about these matters, and to consult with your lawyer or with another lawyer before you advise the Court what you wish to do. Would you like more time to consider these matters? **(If no, proceed.)**

19. Given that having your co-defendant Terry Rozier pay your legal fees may adversely affect your defense, do you still believe that it is in your best interest to proceed with your attorney?

Proposed <u>Curcio</u> Examination
<u>United States v. Eric Earnest, et al.</u>, 25-CR-323 (LDH)

20. Is that your wish?

21. Do you understand that by continuing in this fashion with your attorney, you are waiving your right to be represented by an attorney who has no conflict of interest?

22. Are you knowingly and voluntarily waiving your right to conflict-free representation?

23. Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of having a third party—and, indeed, your co-defendant—pay your legal fees, you were denied effective assistance of counsel?

24. Is there anything that the Court has said that you wish to have explained further?