

**U.S. Department of Justice**

*United States Attorney
Eastern District of New York*

JPL:KTF/BW/DIB
F. #2024R00288

*271 Cadman Plaza East
Brooklyn, New York 11201*

April 28, 2026

<u>By ECF and E-Mail</u>

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Eric Earnest, et al. ("<u>Earnest</u>")
> <u>Criminal Docket 25-323 (LDH)</u>
> and
> United States v. Marves Fairley ("<u>Fairley</u>")
> <u>Criminal Docket 26-110 (DLI)</u>

Dear Judge DeArcy Hall and Judge Irizarry:

Pursuant to Rule 4(c)(1) of the Rules for the Division of Business for the Eastern District of New York (the "Rules"), the government respectfully provides notice to the Court that the above-captioned cases, <u>Earnest</u> and <u>Fairley</u>, are presumptively related.  Pursuant to Rule 4(d)(1), the government seeks reassignment of <u>Fairley</u> from Judge Irizarry to Judge DeArcy Hall, who is presiding over <u>Earnest</u>.

I.   <u>Legal Standard</u>

Rule 4(b)(1) of the Rules provides that there "shall be a presumption that one criminal case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case, or when the same criminal conduct is charged in an indictment and a violation of probation or supervised release."  <u>Id.</u>  Rule 4(b)(2) further provides that the "presumption shall be overcome upon a determination by the relevant Judges that reassignment would not achieve a significant savings of judicial resources or serve the interests of justice."  Rule 4(c)(1) directs the government to "give notice to all relevant Judges whenever it appears that one case may be [presumptively]

related to another pursuant to Rule 4(b)." Id. Rule 4(c)(3) also provides that the government "should endeavor to provide notice that could avoid having two or more Judges sentence different defendants or the same defendant in related cases." Id. Rule 4(d)(1) permits either the government or the defendant to "file an application seeking reassignment of a case to a Judge . . . [who] has a case that is related pursuant to Rule 4(b)(1). Rule 4(d)(2) provides that the government and the defendants in a criminal case "may jointly seek reassignment of a criminal case to another Judge in the interests of justice or on the grounds that a significant savings of judicial resources would be achieved."

II.     *Earnest* and *Fairley* are Presumptively Related

Earnest and Fairley are presumptively related under Rule 4(b)(1) because the facts in both cases arise out of overlapping and substantially similar schemes, transactions and events. In Earnest, the defendant Marves Fairley ("Fairley") and other co-conspirators are charged with participating in a fraudulent scheme to obtain and wager on non-public information relating to National Basketball Association ("NBA") games. In Fairley, which was originally charged in the Eastern District of Pennsylvania and transferred to the Eastern District of New York pursuant to Federal Rule of Criminal Procedure 20, Fairley and other co-conspirators are charged with participating in fraudulent schemes to obtain and wager on non-public information relating to college basketball and Chinese Basketball Association ("CBA") games. The time period of the charged conspiracies in Earnest and Fairley overlap and there are common co-conspirators and defendants in Earnest and Fairley. Accordingly, the government submits that Earnest and Fairley are presumptively related pursuant to Rule 4(b)(1).

Judge DeArcy Hall has been presiding over Earnest since October 2025 and has also been presiding over the following related cases since 2024: United States v. Jontay Porter, Cr. No. 24-270 (LDH), United States v. Long Phi Pham, Cr. No. 24-359 (LDH), United States v. Mahmud Mollah, Cr. No. 24-389 (LDH), United States v. Ammar Awawdeh, Cr. No. 24-488 (LDH), and United States v. Timothy McCormack, Cr. No. 24-490 (LDH). Due to Judge DeArcy Hall's familiarity with these related cases, reassignment of Fairley to Judge DeArcy Hall would be in the interests of justice and would result in significant savings of judicial resources. In addition, Fairley intends to plead guilty to charges in both Earnest and Fairley pursuant to a plea

agreement and in a consolidated proceeding. For all these reasons, reassignment of <u>Fairley</u> to Judge DeArcy Hall would be appropriate.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By:  *David I. Berman*
Kaitlin T. Farrell
Benjamin Weintraub
David I. Berman
Assistant U.S. Attorneys
(718) 254-7000

cc:  Clerk of Court (by ECF and E-Mail)
All Counsel of Record (by ECF)

3