

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS:KTF/BW/DIB                    *271 Cadman Plaza East*
F. #2024R00288                    *Brooklyn, New York 11201*

August 7, 2026

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:    United States v Terry Rozier, et al.
               Criminal Docket No. 25-323 (LDH)

Dear Judge DeArcy Hall:

       The government respectfully submits this letter to alert the Court of potential
violations of Local Rule 23.1 by counsel for defendant Terry Rozier.   As detailed below,
counsel's recent statements to the press appear to violate the local rule and appear designed to
influence the jury pool regarding the merits of the case.   Although the government is requesting
no relief with respect to the violation at this time, we anticipate addressing the issue at the
upcoming August 11, 2026 status conference in an effort to ensure no further such conduct
occurs leading up to the February 8, 2027 trial.

        I.       Local Rule 23.1

       The Local Criminal Rules for the United States District Courts of the Southern
and Eastern Districts of New York include a "Free Press — Fair Trial Directive," which
provides:

> It is the duty of the lawyer . . . not to release . . . non-public
> information or opinion which a reasonable person would expect to
> be disseminated by means of public communication, in connection
> with pending or imminent criminal litigation with which they are
> associated, if there is a substantial likelihood that such
> dissemination will interfere with a fair trial or otherwise prejudice
> the due administration of justice.

L. Crim. R. 23.1(a).   Rule 23.1(d) presumes that certain types of statements will interfere with a
fair trial and prejudice the due administration of justice, including, as relevant here, "any opinion
as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case."

L. Crim. R. 23.1(d)(7).   "Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."   <u>Contino v. United States</u>, 535 F.3d 124, 126 (2d Cir. 2008).

II.    <u>Relevant Facts</u>

As the Court is aware, former NBA player Terry Rozier, his childhood friend Deniro Laster, and several other co-conspirators are charged with four crimes in connection with a secret plan for Rozier to withdraw early from a professional basketball game so that his co-conspirators could profitably bet on his underperformance.   On August 4, 2026, the government moved to revoke Deniro Laster's bail on the grounds of attempted witness intimidation and obstruction of justice.   As detailed in the motion, witnesses to whom Laster made improper outreach indicated their understanding that Laster and Rozier associate themselves with a crew called "GMB" (which stands for "Get Money Boyz," sometimes sanitized as "Get More Blessings" for public consumption) and that the individuals associated with GMB have reputations for access to firearms.

Mere hours after the government's revocation motion was filed, counsel for Rozier disseminated several statements directly to the national media about the merits of the case and the evidence in the case.   For example, counsel was quoted in the New York Times saying the following:

> "The government's attempt to imply that [GMB] was some sort of criminal organization is absurd," Markus told <u>The Athletic</u>. "Terry has never been charged with any firearms offense or with intimidating a witness, and nothing in this filing alleges that he did either.   <u>It is nothing more than a dog whistle and a desperate attempt by the government to taint Terry because it sees its case is falling apart.</u>"

Mike Vorkunov, <u>Terry Rozier's attorney criticizes 'dog whistle' in witness tampering allegations</u>, New York Times, Aug. 5, 2026, <u>available at</u> https://www.nytimes.com/athletic/ 7494401/2026/08/05/terry-rozier-deniro-laster-illegal-gambling-case (emphasis added).   Other national publications included this quote from counsel for Rozier: "In this case, GMB stands for 'government's massive blunder.'"   <u>E.g.</u>, John Annese, <u>Ex-NBA player Terry Rozier, accused in betting case, posed with guns as part of 'crew': feds</u>, Aug. 5, 2026, New York Daily News, <u>available at</u> https://www.nydailynews.com/2026/08/05/ex-nba-player-terry-rozier-accused-betting-posed-guns-crew/; Scooby Axson, <u>Feds allege witness tampering in Terry Rozier Betting case</u>, USA Today, Aug. 5, 2026, <u>available at</u> https://www.usatoday.com/story /sports/nba/2026/08/05/terry-rozier-new-filing-nba-gambling-sports-betting-case/91185831007; Ben Horney and Alex Schiffer, <u>Feds Say Rozier Friend Threatening Witnesses in NBA Gambling Case</u>, Aug. 5, 2026, Front Office Sports, <u>available at</u> https://frontofficesports.com /terry-rozier-deniro-laster-tampering.

III.    Discussion

As Local Rule 23.1 makes clear, to the extent any defendant disputes the facts in this case, the appropriate forum for such a dispute is before this Court and on this docket, not extra-judicial statements to the press.   Counsel's statements flouted that rule by offering statements directly to the national media containing his "opinion . . . as to the merits of the case [and] the evidence in the case."   L. Crim. R. 23.1(d)(7).   That conduct—which is presumed to likely "interfere with a fair trial or otherwise prejudice the due administration of justice," L. Crim. R. 23.1(d)—appears to have been part of a deliberate litigation strategy.   See For the Defense Podcast, Season 7, Episode 3, July 14, 2026 at 22:22 (counsel for Rozier stating, "I think it's really important to be able to defend your client not only in the court of law but in the court of public opinion.   You can't, you can't leave these high-profile clients out in the cold with the media.").

The requirement that parties litigate their disputes in signed filings with the Court—a forum where there is a duty of accuracy and candor—rather than in the press is particularly important under these circumstances, where counsel's claims are simply wrong. The government has ample evidence to support the allegations in its revocation motion, including those about GMB, and intends to prove the allegations of the superseding indictment beyond a reasonable doubt at trial before a fair and uninfluenced jury.

Although Local Rule 23.1 provides for remedies, the government is not requesting any at this time.   We respectfully alert the Court to this information because we anticipate raising it at the upcoming status conference and want to ensure rule compliance, a fair trial, and an uninfluenced jury pool moving forward.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:    /s/ Kaitlin T. Farrell
Kaitlin T. Farrell
Benjamin Weintraub
David I. Berman
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (LDH) (by ECF)
Counsel of Record (by ECF)

3