

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS:KTF/BW/DIB                                      *271 Cadman Plaza East*
F. #2024R00288                                     *Brooklyn, New York 11201*

August 11, 2026

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v Deniro Laster, et al.
              Criminal Docket No. 25-323 (LDH)

Dear Judge DeArcy Hall:

The government respectfully writes in response to the defendant Deniro Laster's (the "defendant") opposition (ECF No. 138) to the government's motion to revoke the defendant's bond based on his repeated, months-long efforts to obstruct and tamper with witnesses (ECF No. 130).

In his opposition, the defendant requests that the Court (1) "order the government to provide focused discovery that bears on the credibility of the information it has asked the Court to credit" and order an evidentiary hearing on the government's motion; (2) order a lengthy briefing schedule; and (3) unseal, as to Mr. Laster's co-defendants, the sealed portion of the government's instant motion, which contains information concerning perceived third-party witnesses (the government has unsealed the motion in its entirety as to Mr. Laster so that he may fully defend against the motion).[1]   As described below, the defendant's requests are baseless and belied by law.

First, in seeking discovery and an evidentiary hearing, the defendant does not dispute the allegations set forth in the government's motion.   Instead, he attempts to minimize his underlying criminal conduct and conclusorily questions the veracity of the evidence proffered by the government, without offering any support for his assertions.   See generally ECF No. 138. Under these circumstances, courts routinely rely on government proffers in connection with

---

[1]     The defendant also requests that the Court refrain from referring the instant matter to the assigned magistrate judge.   ECF No. 138 at 1.   The government takes no position on the defendant's request.   The government agrees that Your Honor has a unique understanding "of the allegations and the various people involved [in this case]" (ECF No. 138 at 3), but submits that prompt resolution of the government's request to revoke Mr. Laster's bond is necessary to protect the integrity of the case.

detention motions and deny requests for discovery or an evidentiary hearing.  See United States v. Brooks, 872 F.3d 78, 85 n.11 (2d Cir. 2017) ("It is well established that the Government may proceed by proffer at a bail revocation hearing."); United States v. LaFontaine, 210 F.3d 125, 131 (2d Cir. 2000) ("It is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts" because "bail hearings are typically informal affairs, not substitutes for trial or even for discovery"); United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995) ("The rules of evidence do not apply in a detention hearing . . . [and] the government may proceed by proffer."); United States v. Martir, 782 F.2d 1141, 1145 (2d Cir. 1986) (bail hearing cannot become a "mini-trial" or "a discovery tool for the defendant"); see also United States v. Jimenez-Rodriguez, No. 21-CR-11 (EK), 2023 WL 3603411, at *2 (E.D.N.Y. May 23, 2023) ("In the bail context, the parties typically present evidence by proffer, and the rules of evidence do not apply."); United States v. Destine, No. 20-CR-293 (WFK), 2022 WL 2181453, at *2 (E.D.N.Y. June 16, 2022) ("Because the rules concerning admissibility of evidence in criminal trials do not apply to bail hearings, the parties may proceed by way of proffer."); United States v. Gotti, No. 02-CR-606 (ILG), 2002 WL 31946775, at *1 n.2 (E.D.N.Y. June 10, 2002) (the court is not required to hold a full-blown evidentiary hearing prior to issuing an order of detention). Moreover, particularly under the circumstances presented here, discovery or an evidentiary hearing would be inappropriate because either would necessarily risk publicly revealing the identities of the perceived witnesses whom the defendant attempted to tamper with.

Second, the defendant's request for a briefing schedule is wholly unnecessary.  The issues presented are fully briefed, and counsel has all information necessary to respond to the government's motion, including the complete unsealed filing and a discovery production of Mr. Laster's Instagram account.  The defendant poses a significant risk of obstruction, and delaying the Court's decision on the instant motion would serve no meaningful purpose while leaving that risk unabated.

Third, Mr. Laster's request to unseal, as to his co-defendants, the sealed portion of the government's instant motion—which contains information concerning perceived third-party witnesses—is baseless.  The government has already unsealed the motion in its entirety as to Mr. Laster, thereby providing him with the information necessary to fully defend against the motion.  Mr. Laster therefore has no legitimate need for his co-defendants to receive information that has already been disclosed to him.  Notably, this request comes on the heels of Mr. Laster's co-defendant and close friend, Terry Rozier, separately requesting disclosure of the same information.  As explained above, the sealed portion of the motion identifies perceived witnesses whom Mr. Laster attempted to tamper with and who should not be further endangered through dissemination of their identities.  Continued sealing of that information, including as to Mr. Rozier, is therefore appropriate and necessary to protect those perceived witnesses.

For these reasons, and for the reasons set forth in the government's revocation motion, the Court should revoke the defendant's bail and his requests described herein should be denied.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By:   /s/ David I. Berman
      Kaitlin T. Farrell
      Benjamin Weintraub
      David I. Berman
      Assistant U.S. Attorneys
      (718) 254-7000

cc:   Clerk of Court (LDH) (by ECF)
      Counsel of Record (by ECF)

3